MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: ANNA E. ARREOLA
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007
Tel. (212) 637-2218





UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

UNITED STATES OF AMERICA,

        - v -           :

$124,798.00 IN UNITED STATES
CURRENCY,

                    :

        Defendant-in-rem.  :
------------------------------------X

VERIFIED COMPLAINT

07 Civ.

        Plaintiff United States of America, by its attorney,
Michael J. Garcia, United States Attorney for the Southern
District of New York, for its verified complaint alleges, upon
information and belief, as follows:

## I. JURISDICTION AND VENUE

        1.   This action is brought by the United States of
America pursuant to 21 U.S.C. § 881(a)(6) seeking the forfeiture
of $124,798.00 in United States currency (the "DEFENDANT
CURRENCY"), on the ground that the DEFENDANT CURRENCY constitutes
moneys furnished or intended to be furnished in exchange for a
controlled substance, proceeds traceable to such an exchange,
and/or moneys used or intended to be used to facilitate such an
exchange.

## II. <u>JURISDICTION AND VENUE</u>

2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

3.    Venue is proper under 28 U.S.C. §§ 1355(b) and 1395(b) because actions and omissions giving rise to the forfeiture took place in the Southern District of New York and because the DEFENDANT CURRENCY was found and seized in the Southern District of New York.

4.    The DEFENDANT CURRENCY is currently in the custody of the United States Marshals Service.

## III. <u>PROBABLE CAUSE FOR FORFEITURE</u>

5.    In or about June 2007, an individual named Jacob Torres ("Torres") sold cocaine from an apartment (the "Residence") in the Bronx, New York.  On or about June 21, 2007, officers from the New York City Police Department ("NYPD") visited the Residence in order to execute a search warrant. Prior to executing the warrant, officers saw Torres outside the Residence and arrested him.  At the time of his arrest, Torres was carrying 14 bags of cocaine.

6.    After arresting Torres, officers executed the search warrant.  During the search of the Residence, officers found, inside a bedroom closet, a safe containing one bag of marijuana and a quantity of U.S. currency.  The officers also found U.S. currency inside the kitchen.  The currency found

inside the apartment constitutes the DEFENDANT CURRENCY.
Officers also found, inside the Residence, handwritten notes
listing names and numbers, which appeared to be gambling records.

7.    While officers were executing the search warrant,
another man, named Basiliso Alicea ("Alicea"), entered the
apartment.  Alicea stated, in substance and in part, that it was
his apartment and that the money and marijuana belonged to him.
He was arrested and charged, in Bronx County Criminal Court, with
promoting gambling and unlawful possession of marijuana.   After
his arrest, Alicea signed a statement stating, in substance and
in part, that he kept a safe in the Residence and that the safe
contained money made from gambling.

8.    After his arrest, while being processed, Alicea
told an NYPD officer, in substance and in part, that he would
give the officer $80,000 to let him go.  Alicea repeated the
offer to the officer at a later time.  He subsequently was
charged, in Bronx County Criminal Court, with bribery of a public
servant.

9.    Alicea has previously been convicted of drug-
related offenses.  On or about March 11, 1982, he was convicted,
in Bronx Supreme Court, of criminal sale of a controlled
substance, a felony, for which he was sentenced to five to
fifteen years' imprisonment.  Subsequently, on or about May 22,
1989, he was convicted, in Bronx Supreme Court, of attempted

criminal sale of a controlled substance, a felony, for which he was sentenced to a one-year term of imprisonment.

10.    At the time of his arrest, Torres was on probation for a conviction, in Bronx Supreme Court in February 2006, of criminal possession of a controlled substance with intent to sell.

11.    The DEFENDANT CURRENCY consisted of 524 one hundred dollar bills, 408 fifty dollar bills, 2,512 twenty dollar bills, 143 ten dollar bills, 31 five dollar bills, and 73 one dollar bills.

12.    On or about October 19, 2007, the Drug Enforcement Administration received an affidavit from Alicea asserting a claim for the DEFENDANT CURRENCY.

IV. <u>CLAIM FOR FORFEITURE</u>

13.    The allegations contained in paragraphs one through twelve of the Complaint are incorporated herein.

14.    Pursuant to 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code, are subject to seizure and forfeiture to the United States, and no property right exists in such property.

15.    The DEFENDANT CURRENCY is subject to forfeiture

pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys intended to be furnished in exchange for a controlled substance, and/or proceeds traceable to such an exchange, and/or moneys used or intended to be used to facilitate such an exchange, in violation of Subchapter I of Title 21 of the United States Code.

16.  By reason of the above, the DEFENDANT CURRENCY became, and is, subject to forfeiture to the United States of America, pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the DEFENDANT CURRENCY and that all persons having an interest in the DEFENDANT CURRENCY be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the DEFENDANT CURRENCY to the United States of America for disposition according to law, and that this Court grant plaintiff

such further relief as this Court may deem just and proper,

together with the costs and disbursements of this action.

Dated: New York, New York
       January 17, 2008


                         MICHAEL J. GARCIA
                         United States Attorney for the
                         Southern District of New York
                         Attorney for the Plaintiff
                         United States of America

             By:    _Anna E. Arreola_____

                         ANNA E. ARREOLA
                         Assistant United States Attorney
                         One St. Andrew's Plaza
                         New York, New York 10007
                         Telephone: (212) 637-2218

VERIFICATION

STATE OF NEW YORK                    )
COUNTY OF NEW YORK                   :
SOUTHERN DISTRICT OF NEW YORK )

     Lisa DeRienzo, being duly sworn, deposes and says that she is a detective with the New York City Police Department, that she has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of her knowledge, information, and belief.

     The sources of deponent's information and the grounds of her belief are official records and files of the New York city Police Department and the United States, and discussions with and documents prepared by other law enforcement officers.

Detective Lisa DeRienzo
New York City Police Department

Sworn to before me this
17th day of January, 2008

NOTARY PUBLIC

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires ___May 8, 2010___